# EXHIBIT B



# KEENER AND ASSOCIATES, P.C.

161 North Clark Street, Suite 1600
Chicago, IL 60601

April 23, 2018

Joe Allen
48 Bowhill Way
Harlow, CM20 1FH, United Kingdom
joe@joeallenpro.com

VIA FIRST CLASS MAIL AND EMAIL

Dear Mr. Allen,

  Our firm represents Belleau Technologies ("Belleau") with regards to intellectual property issues. Belleau invented a software method for voice recognition and scrolling through written scripts based on the identification of spoken words. Belleau applied for, and was recently granted, a U.S. patent for this technology. A copy of the published application is attached for your reference. The fully enforceable patent will issue in just under two weeks.

  Belleau has become aware that you have developed and began distributing an AutoPrompter Teleprompter application which infringes its newly granted patent. Screenshots of the AutoPrompter application are illustrated below:





1

"Patent owners possess presumptively valid property rights which convey the right to exclude others from practicing the claims in their patents." *Kilopass Tech., Inc. v. Sidense Corp.*, 837 F.3d 1302, 1317 (Fed. Cir. 2013). "In patent law, the fact of infringement establishes the fact of damage because the patentee's right to exclude has been violated." *Lindemann Maschinenfabrik GmbH v. Am. Hoist & Derrick Co.*, 895 F.2d 1403, 1406 (Fed. Cir. 1990). A patent infringer shall be liable for "damages adequate to compensate for the infringement, but in no event less than a reasonable royalty rate for the use made of the invention by the infringer." 35 U.S.C. § 284; *see also Norian Corp. v. Stryker Corp.*, 363 F.3d 1321, 1333 (Fed. Cir. 2004).

Patent infringement is a strict liability offense and is set forth in 35 U.S.C. § 271 as follows:

(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.
(b) Whoever actively induces infringement of a patent shall be liable as an infringer.
(c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

In this case, your AutoPrompter application is infringing the patent rights granted to Belleau. The mere act of distributing your application in the United States is a violation of my client's rights. Making, using, selling or offering to sell, or importing your application into the United States constitutes an infringement of my client's patent under section 271(a). By distributing your application to individuals who reside in the United States (who then infringe my client's patent) you are actively inducing infringement and can be held directly liable for the direct infringement of these individuals under section 271(b). Furthermore, submitting even a portion of your application to the United States that assists in voice recognition and automatic scrolling would constitute offering a material component for use in practicing the invention and you would be liable under section 271(c). All of these actions make you liable to my client for damages for patent infringement and my client would be justified in seeking monetary relief, attorneys' fees, and injunctive relief.

There is also suspicion that you may have obtained the code for your AutoPrompter application from Belleau's software- an act which would constitute copyright infringement. Copying code from my client's software is a violation of copyright under 17 U.S.C. § 501 et seq. Under the law, Belleau could recover triple damages, costs, and attorneys' fees for your violation.

For these reasons Belleau demands that you immediately cease all marketing, sale, and distribution of your AutoPrompter software application. Should you immediately fail to comply

with these demands then Belleau shall have no choice but to seek remedy from the proper court of law. We ask that you reply by May 10th confirming your intention to comply with these requests. If we fail to hear from you or you respond you do not intend to comply then we will have no choice but to recommend that our client take immediate action.

      Please consider this letter subject to Federal Rule of Evidence Rule 408, and any other applicable state laws of evidence. Nothing in this letter shall constitute a waiver of any rights or remedies available by law, all of which my client expressly reserves.

      Sincerely,

Kevin Keener
Attorney for Belleau Technologies
kevin.keener@keenerlegal.com