UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

BELLEAU TECHNOLOGIES, LLC,

        Plaintiff,                    18 Civ. 06319 (DLC)

      v.                              **NOTICE OF MOTION**
                                        **FOR A DEFAULT JUDGMENT**

JOEALLENPRO LIMITED, a foreign corporation;
and JOE ALLEN, as an individual,

        Defendants.

-----------------------------------------------------------x

        PLEASE TAKE NOTICE that upon the Declaration of Jeremy Sadkin, dated August 20, 2018, and the accompanying exhibits; the Declaration of Eric Sadkin, dated August 20, 2018; the Affidavit of Nicole Mazanitis, August 23, 2018, and the accompanying exhibits; the Complaint herein; and the Memorandum of Law in Support of its Motion for a Default Judgment, dated August 23, 2018, Plaintiff Belleau Technologies, LLC ("Belleau"), through its attorneys, will move this Court, before the Honorable Denise L. Cote, at the United States Courthouse, 500 Pearl Street, Courtroom 18B, New York, NY 10007 for an order declaring a default judgment against Defendants Joe Allen and JoeAllenPro Limited (collectively, "Defendants").

        WHEREFORE, Belleau respectfully asks that the Court:

1. Enter a default judgment against Defendants;

2. Issue a permanent injunction:

    a. Enjoining Defendants Joe Allen and JoeAllenPro Limited, their employees, agents, subsidiaries, affiliates, parents, successors, assigns, officers, servants, attorneys, and any other person in active concert or participation with them, from

1

any conduct that infringes, directly or indirectly, U.S. Patent No. 9,953,646 (the "<u>646 Patent</u>"), including making, selling, distributing, marketing, testing, importing, offering to sell, or otherwise using a software product called "AutoPrompter" – or any other software application infringing the '646 Patent – within the United States;

b. Ordering that Defendants, their employees, agents, subsidiaries, affiliates, parents, successors, assigns, officers, servants, attorneys, and any other person in active concert or participation with them, immediately destroy any copies of the software product called "AutoPrompter" – or any other software application infringing the '646 Patent – in their possession, custody, or control;

c. Ordering that Defendants, their employees, agents, subsidiaries, affiliates, parents, successors, assigns, officers, servants, attorneys, and any other person in active concert or participation with them, immediately take down and/or destroy any remaining marketing for the software product called "AutoPrompter," including, but not limited to, taking down the autoprompterapp.com website and disabling any account through which Defendants could re-enable a website promoting the software product called "AutoPrompter," removing the software product called "AutoPrompter" promotional video posted by Joe Allen on YouTube available at https://www.youtube.com/watch?v=bbIBYm8bxBw, removing all references to the software product called "AutoPrompter" on the joeallenpro.com website, deleting the @AutoPrompter Twitter account, removing all references to the software product called "AutoPrompter" from the @joeallenpro Twitter account, including deletion of retweets from others, and further destroying any hard copy

       and electronic marketing images used (or images that could be used, including all back-ups) to promote the software product called "AutoPrompter" in the App Store, on the internet, or elsewhere;

    d.  Ordering that Defendants, their employees, agents, subsidiaries, affiliates, parents, successors, assigns, officers, servants, attorneys, and any other person in active concert or participation with them, immediately deactivate any servers hosting content for distribution over the internet where such servers contained marketing materials related to the software product called "AutoPrompter";

    e.  Ordering that Defendants, their employees, agents, subsidiaries, affiliates, parents, successors, assigns, officers, servants, attorneys, and any other person in active concert or participation with them, refrain from any conduct that frustrates the relief ordered herein, including, but not limited to, registering any further website domains related in any way to the software product called "AutoPrompter" or to any substantially similar software application; and

    f.  Ordering that Defendants, their employees, agents, subsidiaries, affiliates, parents, successors, assigns, officers, servants, attorneys, and any other person in active concert or participation with them, turn over to the Court any proceeds that Defendants have received as a result of their sale of the software product called "AutoPrompter" – or any other software application infringing the '646 Patent.

3. Award Belleau enhanced damages in the amount of $1,500,000;

4. Deem this case exceptional, and grant Belleau its request for attorneys' fees and costs in the amounts of: (1) $124,720.75 in outside counsel fees; (2) $83,776 in in-house counsel fees; and (3) $881.70 in litigation expenses and costs;

5. Award Belleau post-judgment interest on the judgment awarded from the date of final judgment and set at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment; and

6. Grant Belleau such other and further relief as this Court deems just and proper.

New York, New York
August 23, 2018

        Respectfully submitted,

        CURTIS, MALLET-PREVOST,
          COLT & MOSLE LLP


        By:    /s/Nicole M. Mazanitis
            Turner P. Smith (TS 8052)
            Michael R. Graif (MG 4795)
            Nicole M. Mazanitis (NM 1983)
        101 Park Avenue
        New York, New York 10178
        (212) 696-6000

        *Attorneys for Plaintiff*
        *Belleau Technologies, LLC*

32708090