UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

B<small>ELLEAU</small> T<small>ECHNOLOGIES</small>, LLC,

        Plaintiff,

    v.                                                                                  18 Civ. 06319 (DLC)

J<small>OE</small>A<small>LLEN</small>P<small>RO</small> L<small>IMITED</small>, a foreign corporation;
and J<small>OE</small> A<small>LLEN</small>, as an individual,

        Defendants.

------------------------------------------------------------x

## AMENDED [PROPOSED] DEFAULT JUDGMENT

Upon consideration of Plaintiff Belleau Technologies, LLC's ("Belleau") Amended Motion for a Default Judgment and supporting documents, and being fully advised, this Court hereby GRANTS Belleau's Amended Motion for a Default Judgment, and finds as follows:

    1.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a) and 28 U.S.C. §§ 2201, 2202.

    2.    This Court has personal jurisdiction over Defendants Joe Allen ("Allen") and JoeAllenPro Limited ("JoeAllenPro" and collectively with Allen, "Defendants") by reason of Defendants' acts of patent infringement that have been committed in this judicial district, and by virtue of their regularly conducted and systematic business contacts in this judicial district. Defendants have purposefully availed themselves of the privilege of conducting business within this judicial district; have established sufficient minimum contacts with this judicial district such that they should reasonably and fairly anticipate being hauled into court here; have purposefully directed activities at residents of this judicial district; and at least a portion of the patent infringement claims alleged herein arise out of or are related to one or more of the foregoing

32482251

activities.  Defendants have, at all relevant times, maintained a presence in the United States and within New York State through continuous and substantial business contacts, including, but not limited to, the marketing, offer for sale, sale, and import of mobile applications into the United States storefronts of the Apple Inc. App Store, and by virtue of the acts of patent infringement in New York that, among other things, formed the basis of this action.

3. Defendants were properly served with the Summons and Complaint under Fed. R. Civ. P. 4(f)(1) and (h)(2), and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.  Defendants were provided multiple opportunities to appear in this action and were forewarned of Belleau's intention to file its Complaint and move for injunctive relief.  Belleau's communications were ignored by Defendants.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(c)(3) as Defendants are not residents of the United States, and thus may be sued in any judicial district.

5. Defendants failed to appear or otherwise defend this action.

6. Certificates of Default were entered by the Clerk of the Court against Defendants on August 16, 2018 (ECF Nos. 034, 035).

7. Defendants' default is deemed to constitute a concession of all well pleaded allegations of liability in the Complaint for patent infringement and for a declaration that Allen is the alter ego of JoeAllenPro (ECF No. 001).

8. Defendants have infringed U.S. Patent No. 9,953,646 (the "<u>646 Patent</u>").

9. Allen is the alter ego of JoeAllenPro by virtue of his complete domination and control of JoeAllenPro and due to a complete lack of separateness between the two entities. Piercing the corporate veil of JoeAllenPro is justified under the facts and circumstances because Allen abused the privilege of the corporate form by intentionally causing JoeAllenPro to infringe

Belleau's '646 Patent and because Allen then subsequently orchestrated a contumacious scheme to undermine enforcement of Orders of this Court granting plaintiff preliminary relief. Allen has, at all relevant times, been the true owner of assets purportedly belonging to JoeAllenPro. In addition, Defendants' continued pattern of misconduct is exceptional and justifies the application of further equitable remedies best tailored to prevent Allen from evading enforcement, frustrating Belleau's rights, or obstructing the orderly administration of justice.

10. Belleau has satisfied all of the requirements for permanent injunctive relief. In particular, Belleau has demonstrated that, without injunctive relief, it will suffer substantial, irreparable harm and have no adequate remedy at law. Further, no remedies available at law, such as monetary damages, are adequate to compensate Belleau for its injuries. Additionally, the balance of hardships between the parties favors Belleau. Finally, the public interest favors the issuance of an injunction as there is a compelling, intrinsic public interest in protecting rights secured by patents.

11. Belleau suffered compensatory damages in the amount of $500,000.

12. Belleau is entitled to enhanced, treble damages as a result of Defendants' willful infringement, bad faith conduct, and contumacious behavior, including but not limited to, evading the requirements of the Orders imposed against them, frustrating Belleau's rights and entitlement to relief, spoliating evidence of such misconduct, causing undue delay, and intentionally rendering ineffectual the Orders of this Court.

13. This case is "exceptional" and Belleau should be entitled to a recovery of its reasonable attorneys' fees and costs.

**IT IS HEREBY ORDERED** that Defendants Joe Allen and JoeAllenPro Limited are in default; and it is further

**ORDERED** that Defendants Joe Allen and JoeAllenPro Limited, their employees, agents, subsidiaries, affiliates, parents, successors, assigns, officers, servants, attorneys, and any other person in active concert or participation with them (including any service and hosting providers) are:

1. Permanently enjoined from any conduct that infringes, directly or indirectly, the '646 Patent, including making, selling, distributing, marketing, testing, importing, offering to sell, or otherwise using a software product called "AutoPrompter" – or any other software application infringing the '646 Patent – within the United States;

2. Ordered to immediately destroy any copies of the software product called "AutoPrompter" – or any other software application infringing the '646 Patent – in their possession, custody, or control;

3. Ordered to immediately take down and/or destroy any remaining marketing for the software product called "AutoPrompter," including, but not limited to, taking down the autoprompterapp.com website and disabling any account through which Defendants could re-enable a website promoting the software product called "AutoPrompter," removing the software product called "AutoPrompter" promotional video posted by Joe Allen on YouTube available at https://www.youtube.com/watch?v=bbIBYm8bxBw, removing all references to the software product called "AutoPrompter" on the joeallenpro.com website, deleting the @AutoPrompter Twitter account, removing all references to the software product called "AutoPrompter" from the @joeallenpro Twitter account, including deletion of retweets from others, and further destroying any hard copy and electronic marketing images used (or images

that could be used, including all back-ups) to promote the software product called "AutoPrompter" in the App Store, on the internet, or elsewhere; and

      4.      Ordered to immediately deactivate any servers hosting content for distribution over the internet where such servers contained marketing materials related to the software product called "AutoPrompter";

      5.      Ordered to refrain from any conduct that frustrates the relief ordered herein, including, but not limited to, registering any further website domains related in any way to the software product called "AutoPrompter" or to any substantially similar software application;

      6.      Ordered to immediately turn over to the Court any proceeds that Defendants have received as a result of their sale of the software product called "AutoPrompter" – or any other software application infringing the '646 Patent; and it is further

      **ORDERED** that judgment is entered against Defendants Joe Allen and JoeAllenPro Limited in the amounts of: (1) $500,000 for compensatory damages, plus prejudgment interest at the rate of 9%, compounded quarterly, starting from April 2, 2018, currently amounting to $17,931.27; (2) $1,000,000 for enhanced damages; (3) $124,720.75 in outside counsel fees, $83,776 in in-house counsel fees, and $881.70 in litigation expenses and costs; and (4) post-judgment interest on the judgment awarded, starting from the date of final judgment and set at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment. Defendants are jointly and severally liable for these amounts.

Dated: August \_\_\_, 2018

                                SO ORDERED:

                                _____
                                Hon. Denise L. Cote
                                United States District Judge

32482251