UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

BELLEAU TECHNOLOGIES, LLC,

        Plaintiff,                                     18 Civ. 06319 (AJN)

     v.

                                                    **AMENDED AFFIDAVIT OF**
JOEALLENPRO LIMITED, a foreign corporation;           **NICOLE M. MAZANITIS**
and JOE ALLEN, as an individual,

        Defendants.

------------------------------------------------------------x

STATE OF NEW YORK    )
                                ) ss.:
COUNTY OF NEW YORK  )

        Nicole M. Mazanitis Esq., being duly sworn, deposes and states as follows:

        1.        I am a member of the bar of the United States District Court for the Southern District of New York, and an attorney at the law firm of Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis"), lead counsel for Plaintiff Belleau Technologies, LLC ("Belleau"). I served as lead counsel for Belleau in the above captioned matter. Except as indicated otherwise, I am familiar with the facts and circumstances set forth herein.

        2.        I respectfully submit this Amended Affidavit in support of Belleau's Amended Motion for Entry of Default Judgment.

### Belleau's Commencement of this Action and Efforts to Contact Defendants

        3.        On July 5, 2018, Curtis, on behalf of Belleau, emailed Defendants Joe Allen ("Allen") and JoeAllenPro Limited ("JoeAllenPro," and collectively with Allen, "Defendants") at the joe@joeallenpro.com email address, attaching a letter informing them that

if the parties could not reach a settlement by July 12, 2018, Belleau would proceed with filing its complaint. A true and correct copy of the email and letter are attached as Exhibit 1. Defendants never responded to Belleau's July 5, 2018 letter.

4. Belleau commenced this action on July 12, 2018, based on Defendants' direct and indirect infringement of the '646 Patent, entitled "Method and System for Dynamic Speech Recognition and Tracking of Prewritten Script." A copy of the Complaint and supporting exhibits (ECF Nos. 001, 001-1, 001-2, 001-3) are attached as Exhibit 2.

5. On July 13, 2018, in accordance with the Court's Individual Practice Rule 3(k), Belleau provided Defendants with notice at the joe@joeallenpro.com email address of its intent to file a motion for a temporary restraining order the following week, and asking if Defendants consented to the temporary injunctive relief. If Defendants did not consent, Belleau requested that Defendants or their counsel advise when they would be available to appear before the Court. Belleau also attached copies of its Complaint and accompanying documents (ECF Nos. 001-006, 008-010) to this email. A true and correct copy of this email is attached as Exhibit 3.

6. On July 17, 2018, I, with Jeremy Sadkin, in-house counsel for Belleau, appeared before the Honorable Laura Swain, requesting that a temporary restraining order be issued against Defendants. Judge Swain granted Belleau's request for a temporary restraining order and executed the Order to Show Cause. A copy of the executed Order to Show Cause (ECF No. 015) is attached as Exhibit 4. Later that day, I provided Defendants with the executed Order to Show Cause and corresponding papers at the joe@joeallenpro.com email address. I again attached copies of its Complaint and accompanying documents (ECF Nos. 001-006, 008-010) to this email. A true and correct copy of this email is attached as Exhibit 5.

7. On July 17, 2018, Belleau also provided Apple with notice of the temporary restraining order. Apple did not immediately remove the AutoPrompter app, but on July 18, 2018, notified Defendants of Belleau's temporary restraining order at two email addresses – joe@joeallenpro.com and joeallenpro@me.com. *See* Amended Declaration of Jeremy Sadkin ("J. Sadkin Decl."), dated August 20, 2018, ¶ 33, Ex. 13.

8. On July 18, 2018, Belleau electronically filed its Motion for a Temporary Restraining Order and accompanying documents on PACER, and I subsequently provided Defendants with the electronically filed versions of the papers (ECF Nos. 016-019) and executed Order to Show Cause (ECF No. 015) at the joe@joeallenpro.com and joeallenpro@me.com email addresses. A true and correct copy of this email is attached as Exhibit 6. Later that day, Joe Allen responded to the email from Apple, claiming to be unaware of the temporary restraining order, and stating that he will have his attorney look into the issue with immediate attention. J. Sadkin Decl., Ex. 15. Neither Defendants nor their counsel ever directly contacted Belleau.

9. On July 19, 2018, I served Defendants via Federal Express with true and correct copies of the: (a) Summons to Allen and JoeAllenPro (ECF No. 009, 010); (b) Complaint and accompanying exhibits (ECF Nos. 001, 001-1, 001-2, 001-3); (c) Civil Cover Sheet (ECF No. 002); (d) Plaintiff's Rule 7.1 Statement (ECF No. 003); (e) executed Report on the Filing or Determination of an Action Regarding a Patent or Trademark (ECF No. 008); (f) Electronic Case Filing Rules and Instructions for the United States District Court for the Southern District of New York; (g) Individual Practices in Civil Cases of the Honorable Denise Cote, United States District Judge; and (h) Individual Practices in Civil Cases of the Honorable Katharine H. Parker, United States Magistrate Judge, at the 48 Bowhill Way, Harlow, Essex,

CM20 1FH, United Kingdom address. Federal Express tracking emails confirmed receipt of the aforementioned documents by Defendants on July 23, 2018. True and correct copies of the Affidavits of Service, including the Federal Express tracking emails, are attached as Exhibit 7.

10. On July 20, 2018, I forwarded the Court's correspondence to the parties to the joe@joeallenpro.com and joeallenpro@me.com email addresses, notifying Defendants of the case's re-assignment to Judge Cote, and of the scheduling change for a status conference from July 23, 2018 at 10:00 a.m. to 2:30 p.m., and also asking that Defendants identify who they have retained as counsel. A true and correct copy of this email is attached as Exhibit 8. Later that day, Belleau also received notice from Apple that the AutoPrompter app had been removed from the Apple Store. J. Sadkin Decl., ¶ 41, Ex. 16.

11. On July 23, 2018, I forwarded the Amended Order to Show Cause (ECF No. 022) to Defendants at the joe@joeallenpro.com and joeallenpro@me.com email addresses. A true and correct copy of this email is attached as Exhibit 9.

12. On July 27, 2018, I forwarded a letter from me to the Court regarding the upcoming preliminary injunction hearing (ECF No. 025) to Defendants at the joe@joeallenpro.com and joeallenpro@me.com email addresses. Also on July 27, 2018, I forwarded the Court's Order regarding live witness testimony at the preliminary injunction hearing (ECF No. 026) to Defendants at the joe@joeallenpro.com and joeallenpro@me.com email addresses. True and correct copies of these emails are attached as Exhibit 10.

13. On July 31, 2018, I forwarded the Court's Order Granting Plaintiff's Motion for a Preliminary Injunction (ECF No. 027), the Court's Order regarding default judgment procedures (ECF No. 028, 028-1), and the Notice of Pretrial Conference (ECF

No. 029), to Defendants at the joe@joeallenpro.com and joeallenpro@me.com email addresses. A true and correct copy of this email is attached as Exhibit 11.

14. Belleau has received no direct communications from Defendants since May 10, 2018. To the best of my knowledge, Defendants have neglected to hire counsel or provide any indication that they intend to mount a defense.

15. On August 16, 2018, Certificates of Default were issued by the Clerk of Court for both Defendants. True and correct copies of these Certificates are attached as Exhibit 12.

### Belleau's Requested Damages, Including Interest, Attorneys' Fees, and Costs

16. As detailed in Belleau's Memorandum of Law in Support of its Motion for a Default Judgment, Belleau seeks compensatory damages in the amount of $500,000, plus interest, as well as a trebling of its $500,000 of compensatory damages.

17. First, $500,000 represents the up-front royalty Belleau would have negotiated in a hypothetical negotiation at the beginning of the infringement, April 2, 2018. *See* Amended Declaration of Eric Sadkin, dated August 20, 2018, ¶ 22.

18. Second, absent some justification, prejudgment interest should be awarded under 35 U.S.C. § 284. Belleau requests that the Court apply the interest rate set by New York C.P.L.R. § 5004 of 9%, compounded quarterly. This interest calculation would equal $17,931.27. Belleau also seeks post-judgment interest on the entire judgment, awarded from the date of final judgment, and set at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.

19. <u>Third</u>, Belleau's $500,000 in damages should be trebled as a result of Defendants' willful infringement and bad faith conduct.

20. Belleau also requests an award from this Court of $124,720.75 in outside counsel fees and $881.70 in expenses and costs, as detailed herein, which Belleau has incurred in its litigation of this case.

21. Curtis has incurred reasonable attorneys' fees and costs in connection with this lawsuit in the amount of $124,720.75 through August 20, 2018. A true and correct printout of the itemized invoices for legal services rendered by Curtis is attached as Exhibit 13. The invoices were generated based on computerized time records that are kept by Curtis in the normal course of business. The descriptive narratives in the detailed time entries included in this exhibit reflect the actual, contemporaneous narratives written by Curtis timekeepers and entered into Curtis' time and billing system on a regular basis.

22. The hourly rates charged by each attorney at Curtis are listed in the invoices (Exhibit 13), and the noted rates are within the prevailing hourly rate for patent litigation attorneys in New York for lawyers of comparable education, experience, and expertise for similar services. This is supported by the American Intellectual Property Law Association's Report of the Economic Survey ("<u>AIPLA Survey</u>"), a biannual report analyzing economic aspects of intellectual property practice, including attorney billing rates and costs for various types of intellectual property litigation. A true and correct copy of the relevant excerpts from the AIPLA Survey is attached as Exhibit 14. The expenses shown in the attached invoices were necessary to Curtis' representation of Belleau in this lawsuit.

23. Mr. Smith has over 35 years' experience as a litigator, with significant experience in intellectual property matters. I have been a litigator for eight years, with a focus

on intellectual property litigation. We have together worked on dozens of intellectual property litigations, including patent actions and actions in which our clients have sought and obtained temporary restraining orders and preliminary injunctions.

24. Curtis additionally records all matter-related costs and expenses in its time and billing system on a regular and itemized basis. The costs for this action, totaling $881.70, are also reflected in Exhibit 13. Specifically, costs of $600 were accrued to file the Complaint and Jeremy Sadkin's pro hac vice motion. Additionally, costs of $169.98 were accrued to serve Defendants via Federal Express. Finally, costs of $111.72 were accrued for transcript for hearings.

25. Finally, Belleau also seeks recovery of $83,776 in in-house counsel fees for the work performed by Mr. Sadkin. *See* J. Sadkin Decl., ¶ 11.

26. Belleau believes that an inquest into damages is not necessary as Belleau has provided a sufficient basis for the Court to determine damages. *See SEC v. Boock*, No. 09 Civ. 08261, 2011 U.S. Dist. LEXIS 158797, at *23-24 (S.D.N.Y. May 10, 2011) ("Although the Court may hold a hearing to assess the amount of damages . . . that should be awarded on a default . . . the Second Circuit has consistently held that [b]y its terms, [Rule] 55(b)(2) leaves the decision of whether a hearing is necessary to the discretion of the district court . . . Here, a hearing is unnecessary with respect to disgorgement from [defendant], as the documents before the Court provide a sufficient basis from which to evaluate the fairness of the disgorgement sought by the SEC . . . and as [defendant] has submitted nothing in response, nor requested a hearing.").

27. The foregoing is true to the best of my information and belief.

_____
Nicole M. Mazanitis

Sworn and subscribed to before me
this 23rd day of August 20 18.

_____
Notary Public

LYNN M. MOONEY
Notary Public, State of New York
No. 01MO4841073
Qualified in Queens County
Certificate Filed in New York County
Commission Expires June 30, 20 /4/

32708084