October 19, 2018

*VIA ECF*

Honorable Denise L. Cote
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

      Re:    *Belleau Techs., LLC v. JoeAllenPro, Ltd., et al., No. 18-CV-06319 (S.D.N.Y.)*

Dear Judge Cote:

      We represent plaintiff Belleau Technologies, LLC ("Belleau") in the above-referenced matter. We write to inform the Court that defendants Joe Allen and JoeAllenPro Limited have failed to disclose certain facts and email communications germane to verifying the accuracy of Joe Allen's Declaration (ECF No. 065), submitted in support of defendants' Motion to Vacate. Accordingly, Belleau respectfully requests that the Court set an informal conference to resolve the dispute, pursuant to the Court's Individual Rule 2(C). *See also* October 5, 2018 Transcript ("Oct. 5 Tr.") at 15:9-12 ("And then if counsel want to make a further application to me with respect to the substance of the communications, you can discuss it first with each other, and if necessary, apply to me.").

      As ordered by this Court (Oct. 5 Tr. at 14:23 – 15:12), on October 9, 2018, defendants provided Belleau with five emails, evidencing communication from Gregory Howison, Esq. to Joe Allen on July 13, 2018, July 27, 2018 (twice), July 31, 2018, and August 3, 2018. After Belleau discovered inadequacies in the production, it contacted defendants. Defendants asserted illusory and unsubstantiated privileges,[1] withheld communications on "relevance" grounds, and ignored Belleau's invitation to meet and confer in an attempt to resolve these matters. *See* Ex. A. Defendants cited no authority or evidence to justify their positions.

      Further, the five pages produced by defendants fail to corroborate, and indeed undermine, Mr. Allen's September 30 Declaration (ECF No. 065), submitted in conjunction with the Motion to Vacate. Mr. Allen stated in his Declaration that he first learned of this case on July 23, 2018, and that he was then referred to counsel in Texas; this submission is wholly inconsistent with the documents produced by defendants.

      Specifically, in Paragraph 3 of his Declaration, Mr. Allen states that:

> On July 23, 2018 I received, by FedEx, a copy of a complaint alleging that my company and me infringed Belleau Technologies, LLC's patent. Immediately upon receiving this complaint, I contacted my attorney in the U.K., who then referred me to a law firm in the U.S. located in Dallas, Texas. I contacted that law firm and was given information that was not correct regarding how to

---

[1] Belleau reserves all rights to contest privilege and to assert waiver of any applicable privilege.

1

respond to the allegations made by Belleau, which led to my failure to respond.

ECF No. 065, ¶ 3.

This account is contradicted by the documentary record. In his Declaration, Mr. Allen claims he was referred to a Texas law firm on or about July 23, 2018 – after being served with process. And yet, Mr. Allen communicated with Mr. Howison before July 23, 2018, including, but not limited to, on the following dates:

- May 10, 2018: Allen cc'ed Howison in a letter to Belleau. (ECF No. 001-3, Compl. Ex. C).

- July 13, 2018: Howison emailed Allen with the subject line "RE: Belleau Technologies, LLC v. JoeAllenPro Ltd., et al., (S.D.N.Y.) – Notice of TRO Filing."[2]

- July 18, 2018: Allen emailed Apple claiming to be ignorant of the TRO, and copying GHowison@munckwilson.com.  (ECF No. 053, ¶ 36, Ex. 15.)

Instead, defendants have contorted the record in an effort to avoid a default judgment. The documents withheld likely contain probative information unprotected by privilege that further undermine Mr. Allen's September 30 Declaration. The evidence suggests that Mr. Allen has knowingly made false statements of material fact in his Declaration, including, but not limited to: (1) misrepresenting the nature of his yet to be established relationship with Mr. Howison; and (2) misleading the Court as to the sequence and the timing of his introduction to Mr. Howison.

Given defendants' established distortion of the facts, Belleau respectfully requests that the Court set an informal conference, pursuant to the Court's Individual Rule 2(C), to resolve this dispute.

Respectfully,

/s/ Jeremy Sadkin

Jeremy Sadkin

cc:  Dariush Keyhani (via ECF)

---

[2] This was one of the five communications disclosed between Mr. Allen and Mr. Howison. This evidence is not consistent with Mr. Allen's September 30 Declaration.